**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **KEVIN J. SMITH** | § | |
| | § | **CASE NO. 5:18-cv-118** |
| | § | |
| **Plaintiff,** | § | **Hon. Sam R. Cummings** |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **CHW GROUP, INC. d/b/a CHOICE** | § | |
| **HOME WARRANTY** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**COMPLAINT, AFFIRMATIVE AND OTHER DEFENSES**

Defendant CHW Group, Inc. d/b/a Choice Home Warranty ("CHW" or "Defendant"), by and through its counsel, Oved & Oved LLP and Ogletree, Deakins, Nash, Smoak & Stewart, P.C., for its Answer and Affirmative and Other Defenses to Plaintiff Kevin J. Smith's ("Plaintiff") complaint, dated May 9, 2018 (the "Complaint") states as follows:

**INTRODUCTION**

1.      Defendant admits that Plaintiff purports to bring this action under the statute referred to in Paragraph 1 of the Complaint, but denies as untrue that it violated any of the enumerated statutes or that it is liable to Plaintiff for any amount.

**JURISDICTION AND VENUE**

2.      Defendant admits that Plaintiff purports to base jurisdiction on the statutes referred to in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains one or more legal conclusions, to which no response is required.  To the extent a response to this paragraph is required, Defendant denies

knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, except admit that Plaintiff purports to bring this action under the statute referred to therein.

4.      Paragraph 4 of the Complaint contains one or more legal conclusions, to which no response is required.  To the extent a response to this paragraph is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5.      Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains one or more legal conclusions, to which no response is required.  To the extent a response to this paragraph is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint contains one or more legal conclusions, to which no response is required.  To the extent a response to this paragraph is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Admit the allegations in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint are too vague to be admitted or denied.  On that basis, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains one or more allegations that, in the context of an action under the TCPA, is a conclusion of law as opposed to a factual assertion that can be admitted or denied.   On that basis, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 are presented as a hypothetical as opposed to allegations of fact and, accordingly, no response is required.  To the extent these allegations can be considered factual allegations, Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     The allegations in Paragraph 24 are presented as a hypothetical as opposed to allegations of fact and, accordingly, no response is required.  To the extent these allegations can

be considered factual allegations, Defendant denies the allegations contained in Paragraph 24 of

the Complaint

     25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

     26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

     27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

     28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

     29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

     30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

     31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

     32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

     33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

     34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

     35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint and

specifically denies ever using an ATDS.

     36.     Paragraph 36 of the Complaint contains one or more legal conclusions, to which

no response is required.  To the extent a response to this paragraph is required, Defendant denies

the allegations contained in Paragraph 36 of the Complaint.

     37.     Paragraph 37 of the Complaint contains one or more legal conclusions, to which

no response is required.  To the extent a response to this paragraph is required, Defendant denies

the allegations contained in Paragraph 37 of the Complaint.

     38.     Paragraph 38 of the Complaint contains one or more legal conclusions, to which

no response is required.  To the extent a response to this paragraph is required, Defendant denies

the allegations contained in Paragraph 38 of the Complaint, and specifically denies that Plaintiff is entitled to the relief stated therein, or any other relief against Defendant.

39.     Paragraph 39 of the Complaint contains one or more legal conclusions, to which no response is required.  To the extent a response to this paragraph is required, Defendant denies the allegations contained in Paragraph 39 of the Complaint, and specifically denies that Plaintiff is entitled to the relief stated therein, or any other relief against Defendant.

40.     Paragraph 40 of the Complaint contains one or more legal conclusions, to which no response is required.  To the extent a response to this paragraph is required, Defendant denies the allegations contained in Paragraph 40 of the Complaint, and specifically denies that Plaintiff is entitled to the relief stated therein, or any other relief against Defendant.

41.     Defendant denies the allegations contained in Paragraph 41 and specifically denies that Plaintiff is entitled any relief against Defendant whatsoever.

42.     Defendant denies any allegation not specifically admitted in this answer.

## DEFENDANT'S STATEMENT OF DEFENSES

Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and distinct defenses to Plaintiff's Complaint and each purported cause of action therein, and prays for judgment as set forth below:

1.     Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief may be granted.

2.     Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

3.     Plaintiff is barred from relief in this action, in whole or in part, because he expressly consented to and/or invited any and all alleged calls made to him.

4.      Plaintiff is barred from obtaining relief in this action, in whole or in part, because the Defendant's conduct was, at all times, in compliance with the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and its implementing regulations.

5.      This action is barred, in whole or in part, because Defendant does not use (and has not used) an Automated Telephone Dialing System.

6.      This action is barred, in whole or in part, to the extent Plaintiff had an established business relationship or personal relationship with Defendant.

7.      Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of 47 U.S.C. § 227, et seq. or its implementing regulations, or any similar state laws or regulations.

8.      At no time did the Defendant willfully or knowingly violate 47 U.S.C. § 227, et seq. or any of its implementing regulations.

9.      Plaintiff's claims for relief are barred because Defendant's conduct complied with the provisions of the applicable FCC regulations, including, without limitation, the safe harbor provisions of 47 C.F.R. § 64.1200.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of substantial compliance.

11.     Plaintiff's claims are barred, in whole or in part, to the extent that any telephone calls that are alleged to have violated the TCPA are exempt from liability under the TCPA.

12.     Plaintiff's claims are barred, in whole or in part, by the contributory and/or comparative negligence of Plaintiff.

13.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff cannot attribute damages or any ascertainable loss of money to Defendant's alleged conduct, acts, or omissions.

14.     Plaintiff's claims are barred, in whole or in part, because the actions and conduct undertaken by Defendant were at all times undertaken in a permissible way and in good faith such that such actions and conduct were lawful and valid.

15.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

16.     The relief sought in the Complaint is barred, in whole or in part, by the doctrines of unjust enrichment, waiver, laches, estoppel, and unclean hands.

17.     Plaintiff's claims are barred, in whole or in part, by his failure to join indispensable parties.

18.     Plaintiff's claims are barred, in whole or in part because, to the extent any employee or agent of Defendant performed any act or engaged in any conduct purportedly in violation of the TCPA, such act or conduct was outside the scope of authority of such employee or agent, was not authorized by Defendant, and was not made with the apparent authority of Defendant.

19.     Defendant is entitled to indemnification and contribution by apportionment against all other parties whose negligence or other conduct proximately caused or contributed to the alleged injuries sustained by Plaintiff.

20.     Plaintiff cannot maintain this action because he lacks standing to sue.

21.     Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff was damaged, which Defendant denies, Plaintiff failed to mitigate those damages.

22.     Any award of statutory and/or punitive damages to Plaintiff would be grossly disproportionate to any actual injury allegedly sustained by Plaintiff and would therefore deny Defendant its rights under the Due Process and Excessive Fines Clauses of the United States Constitution.  Furthermore, the TCPA imposes liabilities, penalties, or fines that are so excessive, severe, and oppressive as to be obviously unreasonable and wholly disproportionate to the alleged offense of placing a purportedly unsolicited telephone call, and the TCPA thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

23.     Plaintiff's claims are barred, in whole or in part, because the TCPA and its implementing regulations violate the First Amendment to the United States Constitution because they are more restrictive than necessary to achieve their asserted purposes and have no reasonable relation to any substantial government interest sought to be advanced.  The TCPA violates both the First Amendment right of the public to receive, and the First Amendment right of advertisers to send legitimate commercial communications.

24.     The allegations set forth in the Complaint against Defendant are false, frivolous, and groundless and Defendant reserves the right to seek sanctions, attorneys' fees and costs pursuant to Fed. R. Civ. Proc. 11 and any other applicable statute.

## RESERVATION OF RIGHTS

Defendant gives notice that it intends to rely on any additional defenses that become available or apparent during discovery and thus, reserves the right to amend this Answer to assert such additional defenses.

## JURY DEMAND

Defendant demands a trial by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant seeks judgment against Plaintiff as follows:

(i)     Dismissal of the Complaint in its entirety with prejudice;

(ii)    Costs and disbursements incurred in this suit;

(iii)   Reasonable attorneys' fees to the full extent permitted by applicable law; and

(iv)    Such other and further relief as the Court may deem just and proper.

Dated: June 22, 2018
       New York, New York

Respectfully submitted,

/s/ *Andrew J. Urgenson*
ANDREW J. URGENSON (*pro hac vice*)
andrew@ovedlaw.com

**OVED & OVED LLP**
401 Greenwich Street
New York, NY 10013
Tel.: 212.226.2376

/s/ *Janet L. Smith*
JANET L. SMITH
Texas Bar No. 24089755
janet.smith@ogletree.com

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800—Telephone
(214) 987-3927—Facsimile

**ATTORNEYS FOR DEFENDANT
CHW GROUP INC., D/B/A
CHOICE HOME WARRANTY**

<u>**CERTIFICATE OF SERVICE**</u>

 I hereby certify that on June 22, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

s/ *Andrew J. Urgenson*    
**ANDREW J. URGENSON**
